Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile:   (213) 896-6600

Theodore R. Scarborough (Of Counsel)
Bradley M. Baglien (Of Counsel)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:   (312) 853-7036

Attorneys for Defendant
Barclays Bank Delaware

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

FRANKLIN Y. WRIGHT, PRO PER,

    Plaintiff,

    v.

BARCLAYS BANK DELAWARE,
INDIVIDUALLY AND DBA JUNIPER
CREDIT CARD SERVICES, AND
JUNIPER MASTERCARD,

    Defendant.

Case No.:

CV09-8687-AHM (SSx)

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C.
SECTION 1441

Complaint Filed: September 10, 2009

**NOTICE OF REMOVAL**

1    **TO THE CLERK OF THE CENTRAL DISTRICT COURT OF**

2    **THE STATE OF CALIFORNIA:**

3            1.     **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332,

4    1441, and 1446, defendant Barclays Bank Delaware ("Barclays") hereby removes to

5    this Court the above-styled action, pending as Case No. SC104801 in the Superior

6    Court of the State of California for the County of Los Angeles ("the State Court

7    Action" or the "Action").  Defendant believes that all of Plaintiff's claims are without

8    merit, and will dispute them at the appropriate time, but for purposes of removal states

9    as follows:

10   <b><u>Factual Background</u></b>

11           2.     Plaintiff Franklin Y. Wright filed the State Court Action seeking

12   damages and declaratory relief on September 10, 2009.

13           3.     To date, Plaintiff has not properly served Barclays with a copy of

14   the summons and complaint.[1]

15   <b><u>Federal Diversity Jurisdiction</u></b>

16           4.     The Court has original jurisdiction of this action pursuant to 28

17   U.S.C. § 1332 because Plaintiff and Barclays are citizens of different states and the

18   amount in controversy exceeds $75,000.

19           5.     Plaintiff is a citizen of the State of California.  (Compl. ¶ 1.)

20           6.     Barclays is incorporated under the laws of Delaware and has its

21   principal place of business in Delaware and is, therefore, a citizen of Delaware for the

22   purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

23

24   ───────────────────

25   [1] Plaintiff attempted defective service, addressed to an unnamed "President or other authorized officer," at an address where there was no president or person designated

26   by Barclays to accept service of process, and the return receipt was not signed by a person authorized to accept service on behalf of Barclays. *See Dill v. Berquist*

27   *Construction Co.*, 24 Cal. App. 4th 1426, 1437-44 & n.12 (1994) (holding return receipt envelope not addressed to and shown to have been signed by a specific

28   individual at corporation authorized to accept service did not constitute valid service).

-1-<br><b>NOTICE OF REMOVAL</b>

7.     Based on the allegations of the Complaint, the aggregate amount in controversy exceeds $75,000.  In addition to declaratory relief and attorneys' fees, Plaintiff seeks compensatory damages in "an amount of at least $20,000."  Plaintiff also seeks punitive damages of "at least $100,000," which must be included in calculating the amount-in-controversy.  *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.").  Thus, the amount in controversy requirement is readily satisfied.

## Procedural Requirements

8.     As discussed above, Barclays has not yet been properly served with a copy of the summons and complaint in this Action.  Accordingly, the notice of removal is timely, as the 30-day removal period for has not begun to run. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by formal service" such that "the defendant's period for removal will be no less than 30 days from service"); *JJH 26 Palmdale, LLC v. Herd Cmty. Dev. Corp.*, No. CV 09-02907, 2009 U.S. Dist. LEXIS 51851 at *3 (C.D. Cal. June 2, 2009) ("the time [for removal] begins to run from formal service of the summons and complaint on the defendant").

9.     This court is part of the "district and division embracing the place where" the State Court Action was filed – namely, Los Angeles County, California. 28 U.S.C. § 1446(a).

10.    Barclays has attached hereto as Exhibit A "a copy of all process, pleadings, and orders" that Barclays has received or obtained.  28 U.S.C. § 1446(a).

1        11.    Pursuant to 28 U.S.C. § 1446(d), Barclays will promptly notify

2    Plaintiff and the Superior Court of the State of California for the County of Los

3    Angeles of this removal through a Notice of Filing Notice of Removal.

4        12.    Barclays reserves all defenses to Plaintiff's Complaint and the

5    claims asserted therein including, without limitation, the defense of insufficient

6    service of process.

7        **WHEREFORE**, Barclays respectfully removes this action, now pending

8    in the Superior Court of the State of California for the County of Los Angeles, to the

9    United States District Court for the Central District of California

10

11   Dated:  November 24, 2009            Respectfully submitted,

12                                     **SIDLEY AUSTIN LLP**

13

14                                     By: _____

15                                     Sean A. Commons
                                       Attorneys for Defendant
                                       Barclays Bank Delaware

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL**

# EXHIBIT A

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 1 0 2009

John A. Clarke, Executive Officer/Clerk

By    A. WILLIAMS
                              DEPUTY
CASE MANAGEMENT CONFERENCE

JAN 0 5 2010
_____
          Date

JACQUELINE CONNOR  Dept.

1  FRANKLIN Y. WRIGHT
2  9455 Lloydcrest Dr.
3  Beverly Hills, California 90210
   Tel: (310) 246-1294 (Home)
4       (310) 663-3221 (Cell)
   Fax: (310) 860-1239
5
6  Plaintiff
7  FRANKLIN Y. WRIGHT, PRO PER

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
9          FOR THE COUNTY OF LOS ANGELES, WEST DISTRICT
10
11                    SANTA MONICA COURT

12  FRANKLIN Y. WRIGHT, PRO PER          ) Case No.:    SC104801
13                                        )
            Plaintiff,                     ) COMPLAINT FOR
14                                        )    1. Intentional Infliction of
            v.                             )       Emotional Distress
15                                        )    2. Predatory Lending
16  BARCLAYS BANK DELAWARE,               )    3. Fraud
    INDIVIDUALLY AND DBA JUNIPER CREDIT    )    4. Loss of Credit
17  CARD SERVICES, AND JUNIPER             )    5. Declaratory Relief
18  MASTERCARD                            )    6. Potential Class Action Status
19                                        )
            Defendant                      ) Demand for jury trial
20  _____
21
22            General Allegations Common to all Causes of Action
23                            The Parties
24
25      1. Plaintiff, FRANKLIN Y. WRIGHT, PRO PER, ("Plaintiff") although married, is suing
26  in his individual capacity and at all times relevant to this Complaint was and is a resident citizen
27  of the County of Los Angeles, State of California.
28

                                  1

2. Defendant, BARCLAYS BANK DELAWARE, INDIVIDUALLY AND DOING

BUSINESS AS JUNIPER CREDIT CARD SERVICES AND JUNIPER MASTERCARD,

hereinafter collectively called ("Defendant"), a subsidiary of Barclays Bank of England, is a

banking institution located and licensed to do business under the laws of the state of Delaware

and may be served with process at its place of business, to wit:

> President Authorized to Accept Service on behalf of Barclays Bank Delaware
> 100 S. West Street.
> Wilmington, Delaware 19801-5014

Should Defendant not assume liability for any alleged acts of its "Juniper" entities, an

action that will necessitate dramatically extensive additional duplication of effort, expense and

discovery in this cause of action, then Plaintiff reserves the right to amend this Complaint to

separately allege a cause of action and serve Juniper et. al., Barclays Group, Barclaycard US, etc.

3. Venue of this action is proper in Los Angeles County, California, because:

> (a) Defendant sends solicitation of business to Los Angeles, California, generally;

> (b) Defendant specifically sent a solicitation of business to Plaintiff, a Los Angeles,
>     California, resident citizen;

> (c) Defendant and Plaintiff were to "do business" in Los Angeles, California;

> (d) Plaintiff completed and signed an application to open an account with Defendant
>     in Los Angeles, California;

> (e) Plaintiff sent the completed application to Defendant from Los Angeles,
>     California;

> (f) Cancellation of the application from Defendant by Plaintiff originated from Los
>     Angeles, California;

(g) Defendant, individually and/or through doing business as Juniper Credit Card, Juniper Card Services and Juniper MasterCard generally conducts business in Los Angeles, California, and;

(h) All correspondence between Plaintiff and Defendant was either sent to Los Angeles, California, by Defendant, received in Los Angeles, California, by Plaintiff or sent to Defendant from Los Angeles, California, by Plaintiff.

### Nature of the Complaint

4. All herein below alleged acts of commission, omission, intention or negligence by Defendant were done through the agents, servants and/or employees of Defendant acting within the course and scope of their employment with or on behalf of Defendant, individually or in its various capacities as alleged in this Complaint.

5. In late November 2008 Plaintiff received at his home an undated unsolicited offer sent by Defendant to open a Juniper credit card account. Rachel Rice, Director of New Accounts, signed this offer. Included in this offer was touted in bold type that Plaintiff was pre-qualified for an account for a Juniper credit card with no annual fee and interest at 7.99 % fixed with a credit line of up to $10,000. Further, Defendant attempted to entice and encourage this offer as a method by which Plaintiff could transfer his existing high percentage credit card interest and fees to Juniper, thus saving Plaintiff substantial amounts on his three existing credit card balances. On November 26th Plaintiff completed the application and forwarded it to Defendant including a listing of two of his credit card account balances of $2,500 with Visa and $1,500 with MasterCard.

Specifically, said application stated, admitted and requested that Plaintiff acknowledge that:

> (a) "I understand that the offer to establish a Juniper credit card account was sent to me by Barclays Bank Delaware ("Barclays"), located in Wilmington, Delaware.";

> (b) "I understand that the use of any account opened and any card issued in connection with this offer will constitute my acceptance of and will be subject to the terms and conditions of the Cardmember Agreement that will be sent to me.", and;

> (c) "I agree to be responsible for all charges incurred according to the Cardmember Agreement."

6. Shortly thereafter Plaintiff received an e-mail on December 12th from the same representative of Defendant, said Rachel Rice, Card Services, "welcoming" him on his approval for an account by Defendant. Said e-mail admitted, "The Juniper Credit Card is issued by Barclays Bank Delaware . . .".

7. On December 19th Plaintiff received a telephone call from a representative of Defendant indicating that Plaintiff was eligible for a line of credit of a mere $1200. During that conversation Plaintiff declined the "offer of credit" from Defendant indicating that the proffered line of credit was not enough and that he already had one card with a limit of $10,000 and another of $6000. Further, Plaintiff related that he had previously never been late, never missed a payment and had always paid more than the minimum on any of his present accounts. Plaintiff

also stated that he did not want another account, was not going to sign nor agree to any Cardmember agreement or account terms and demanded that Defendant terminate the application process.

In spite of Plaintiff's assertions Defendant's representative boldly stated that Plaintiff could not cancel the application even though Plaintiff had never signed or agreed to any terms of any alleged Cardmember Agreement. In fact, no such Cardmember Agreement or any other agreement has ever been sent to Plaintiff by Defendant. Pre-trial discovery and depositions should disclose if the author of this telephone call was the same Rachel Rice who had previously sent to Plaintiff the unsolicited application and the e-mail as related hereinabove.

8. Shortly thereafter Plaintiff received undated correspondence from Defendant that included a Juniper Credit Card number 5140 2180 2540 7931 with instructions on how to activate the account. Said correspondence also alluded to the fact that a Cardmember Agreement was enclosed. In fact, no such Cardmember Agreement or any other agreement was enclosed, and certainly Plaintiff has never signed one. Although requested by Plaintiff many times to produce a copy of any such Cardmember Agreement no such agreement has ever been produced by Defendant.

At the same time Plaintiff received another e-mail from Defendant dated December 23 at 8:06 PM consisting of 12 pages of information about the account. Plaintiff was shocked to learn from said e-mail that the account reflected a "Credit Line $1200", a "Current Balance  $1,030", and "Available Credit $150.

9. Immediately thereafter, Plaintiff wrote a letter dated December 23rd to Defendant's

Card Services outlining his concerns and enclosed the heretofore-inactivated Juniper Credit Card that Plaintiff cut into two pieces.

10. Thereafter Defendant sent Plaintiff a letter dated December 31st indicating that his account had been closed and that there was an account balance of $1030. Plaintiff thereafter wrote Defendant a letter dated January 8, 2009, asking it to produce any of the following if they wanted repayment of what appeared to be an unauthorized, unagreed to unilateral $1000 payment by Defendant to his Visa Credit Card Account:

        (a) "Any documentation that I accepted any of your terms;"

        (b) "Any documentation that I validated your card or accepted it in any way, or";

        (c) "Any documentation that I authorized your firm's payment to anyone in general or Visa in particular".

Said letter also indicated that, "Otherwise, if you report this as a negative on any of my credit reports I will gladly sue you".

To date, defendant has not produced any such requested documentation nor has it even responded in any way to any of Plaintiff's requests for documentation. In spite of Plaintiff's admonition, Defendant reported this unauthorized "account balance" as a negative entry on Plaintiff's credit history to all three credit-reporting agencies including TransUnion, Experian and Equifax.

11. It is patently apparent that Defendant unilaterally and without authorization or any request by Plaintiff sent $1000 to one of Plaintiff's creditors without any Cardmember Agreement or any other agreement being signed by either party, unlawfully charged Plaintiff

interest and fees without any such agreement, and, in spite of strenuous objections by Plaintiff, Defendant intentionally and without regard to the rights of Plaintiff, reported Plaintiff to the three credit reporting agencies alleging a balance on a non-existent account in order to illegally extort a payment by Plaintiff to Defendant thus damaging Plaintiff's credit.

12. On February 6th, Defendant began the sending to Plaintiff a plethora of account payment demands, both in writing in the form Statements and e-mails, and by telephone calls. Defendant even reported Plaintiff to a credit collection agency called West Asset Management, probably another sham subsidiary of Defendant, that also joined in the parade of harassment tactics perpetrated by Defendant against your Plaintiff.

On March 6th Plaintiff formally demanded in a writing to Defendant that these collection efforts stop. In spite of such a request under the provisions of the California state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act, Defendant continued to send these harassing demands to Plaintiff in violation of said acts. After a time Defendant finally saw the light and thereafter ceased sending the procession of duns.

13. Prior to the filing of this Complaint, Plaintiff complied with California law and sent to Defendant on April 27th a "demand" for payment/settlement and removal of the hereinabove mentioned notices and entries to Plaintiff's credit report entries. To date the Defendant has not responded to these demands nor has even sent a courtesy reply to Plaintiff.

14. Should the Defendant attempt to enforce any alleged "Arbitration" clause to conclude this cause of action should Plaintiff and Defendant is unable to agree as to whether or not Plaintiff shall be legally entitled to recover damages, and if so entitled, the amount thereof, this

allegation applies. Plaintiff alleges that any such alleged arbitration requirement or request be waived and denied particularly before suit is filed and generally at any time during these proceedings because:

    (a) Your plaintiff has never agreed to any such arbitration clause and has certainly not demanded such;

    (b) Such a clause limits Plaintiff's access to the courts, is against public polity and unreasonably limits his legal rights;

    (c) Any such arbitration clause in existence should be excused and Plaintiff invokes the doctrines of estoppel, waiver, impossibility, impracticality, and futility and applies to this honorable Court for a waiver and an excuse for his noncompliance, and;

    (d) Plaintiff alleges that there has never been (and never will be) a "meeting of the minds" that has occurred between him and the Defendant regarding arbitration of any kind, hence, there is no valid agreement that existed or exists between the parties to arbitrate and that Plaintiff is not bound by any such terms.

## Causes of Action

15. Plaintiff incorporates by reference each and every paragraph of the General Allegations Common To All Causes Of Action and the Nature of the Complaint as though fully set forth in these Causes of Action. Subject to a proper motion to this Honorable Court brought by the Defendant requesting that Plaintiff plead with more specificity, the following Causes of Action and elements of damage are alleged:

16. As a proximate cause and by virtue of the hereinabove conduct and acts perpetrated

by the Defendant, by and through its agents, servants and employees, acting within the course and scope of their employment with and/or on behalf of Defendant, individually and on behalf of its various subsidiaries as hereinabove alleged, your Plaintiff, Franklin Y. Wright, has suffered damages in general and in particular pain and suffering, mental anguish, emotional distress, loss of credit, anxiety, worry, loss of reputation, additional debt, unlawfully incurred interest and fees, all in the past and in reasonable probability, the future. Additionally, Plaintiff will incur reasonable and necessary attorney's fees if he is forced to retain the services of an attorney to conclude this litigation.

17. Such conduct by the Defendant also constituted intentional misrepresentation, negligent and intentional infliction of emotional distress,deceit, fraud, malice, oppression and concealment of material facts and predatory lending with the intent to deprive Plaintiff of property and legal rights and to otherwise cause injury and constitutes Bad Faith, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendant.

18. Plaintiff hereby reserves the right to plea to this Honorable Court to certify this cause of action as a class action should pre-trial discovery in this case demonstrate that this Defendant, and others in its class and business, has engaged in and continues to engage in the behavior hereinabove mentioned in general and in particular, predatory lending practices and "bait and switch" practices wherein credit card issuers ensnare potential customers into little-disclosed terms of an account agreement (or, in this case, no agreement at all), and then dramatically increase the requirements to pay increased interest and fees.

9

Further, class action status will be requested if discovery demonstrates that business organizations in the class of this Defendant engage in the practice of arbitrarily extending credit to citizens and thereafter "advance" unauthorized payments to creditors or anyone else in order to charge interest and fees and then egregiously take steps to threaten and coerce customers to pay by notifying credit-reporting agencies and collection agents.

In this regard, should class-action status be granted, Plaintiffs will request removal to federal court.

Request for Relief

19. Plaintiff incorporates by reference each and every paragraph of the General Allegations Common To All Causes of Action, the Nature of the Complaint and Causes of Action as though fully set forth in this Request for Relief.

20. As a proximate cause of the actions of Defendant as hereinabove alleged, Plaintiff has suffered the damages hereinabove mentioned and alleged, all of which the Defendant is obligated to pay the Plaintiff.

21. Plaintiff has suffered pain and suffering, emotional distress, loss of credit, anxiety, worry, loss of reputation, unlawfully incurred additional debt, interest and fees, and costs all in the past and in reasonable probability, the future, to his damage in an amount to be determined by the trier of fact in an amount of at least $20,000.

22. He will incur the reasonable and necessary costs and fees of an attorney, should such expense be necessary in the preparation and prosecution of this suit in an amount to be determined by this Honorable Court.

23. Because of the willful and intentional behavior of the Defendant as hereinabove alleged, Plaintiff has become entitled to punitive or exemplary damages in an amount to be determined by the court of at least $100,000.

24. Further, Plaintiff requests that this Honorable Court extinguish any alleged debt allegedly owed by this Plaintiff to this Defendant, including penalty, interest and fees.

Plaintiff further requests that the Defendant be credited against any judgment against it because of its $1000 advance to Plaintiff's Visa account only if Defendant can prove to this Honorable Court that there was an agreement in place between the parties for such an advance; otherwise, Plaintiff asks this Honorable Court to order the previous payment of $1,000 by Defendant forfeit and/or as a penalty against Defendant because of its alleged egregious actions against Plaintiff in this cause of action.

25. Further, Plaintiff seeks Declaratory Relief to enjoin Defendant from further reporting any derogatory entries in Plaintiff's credit reports, that Defendant remove all such entries in Plaintiff's credit reports, and that Defendant remove all such reports to any third party including collection agencies and any other reporting agency.

26. Further, Plaintiff seeks damages for all costs of suit incurred herein, both pre-judgment and post-judgment interest, and any other damages and relief in law or in equity that this Honorable Court finds appropriate.

DATED:

SEPTEMBER 8, 2009

FRANKLIN Y. WRIGHT, PRO PER

By _____

FRANKLIN Y. WRIGHT

11

COMPLAINT

| SHORT TITLE: | CASE NUMBER | |
|---|---|---|
| Franklin Y. Wright v. Barclays Bank Del. | | SC104891 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7 ☐ HOURS/ ☒ DAYS

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | | 1., 2., 3. |
| | | ☒ A7220  Other Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4. |
| **Non-Personal Injury/Property** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | | CASE NUMBER | |
|---|---|---|---|

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ • A6017   Legal Malpractice<br>☐ • A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ • A6025   Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination<br>(36) | ☐   A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☐   A6024   Other Employment Complaint Case<br>☐   A6109   Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | • • ▱ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>• • ▱ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ • A6019   Negligent Breach of Contract/Warranty (no fraud)<br>☐   A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections<br>(09) | ☐   A6002   Collections Case-Seller Plaintiff<br>☐   A6012   Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage<br>(18) | ☐   A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐   A6009   Contractual Fraud<br>☐   A6031   Tortious Interference<br>☐   A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐   A7300   Eminent Domain/Condemnation   Number of parcels_____ | 2. |
| Wrongful Eviction<br>(33) | ☐   A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐   A6018   Mortgage Foreclosure<br>☐   A6032   Quiet Title<br>☐   A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-<br>Commercial (31) | ☐   A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Residential (32) | ☐   A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Drugs (38) | ☐   A6022   Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐   A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration<br>(11) | ☐   A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)
Employment
Contract
Real Property
Unlawful Detainer
Judicial Review

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Franklin Y. Wright v. Barclays Bank Del. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☐1. ☐2. ☐3. ☒4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS:<br>9455 Lloydcrest Dr.<br>Beverly Hills, CA 90210 |
|---|---|---|---|
| CITY:<br>Beverly Hills | STATE:<br>CA | ZIP CODE:<br>90210 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Beverly Hills courthouse in the West District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: September 8, 2009

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

CASE NO. _____ **SC104801** _____

## NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:**

**IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED** that this action shall be assigned to a Judge for all purposes, including trial, as follows:

_____ **JACQUELINE CONNOR** _____     Department: _____ **I** _____

☒ Santa Monica Courthouse
1725 Main Street
Santa Monica, CA 90401

☐ Judge Lisa Hart Cole
Beverly Hills Courthouse
Department WE-X
9355 Burton Way
Beverly Hills, CA 90210

**IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT** by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

**CASE MANAGEMENT REVIEW AND CONFERENCE:** Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give notice of the Case Management Review and Conference to all named parties in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. Proof of service must be brought to the hearing if not previously filed. Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, or Department H, located in the West Los Angeles Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

-1-

**TIME STANDARDS:** Cases will be subject to processing under the following time standards:

**COMPLAINTS:** All Complaints shall be served on all named defendants and proof of service filed within 60 days after the filing of the Complaint. The Court may set an OSC re failure to file proof of service of Summons and Complaint if not timely filed. (CRC 3.110(b).)

**CROSS-COMPLAINTS:** No Cross-Complaint may be filed by any party after its answer is filed without first obtaining leave of court. Cross-Complaints shall be served and proof of service filed within 30 days of the filing date, unless a party has appeared in the action. (CRC 3.110(c).)

**APPLICABLE RULES:** Counsel as well as self-represented parties are directed to familiarize themselves with the Local Rules for the County of Los Angeles, particularly Chapter 7 (Trial Court Delay Reduction), Chapter 8 (Civil Trial Procedure), Chapter 9 (Civil Law and Motion), and California Rules of Court relating to civil case management. These Rules apply to all general civil cases and shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE:** A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment of the Judge, or if a party has not yet appeared, within 15 days of the first appearance of that party. (Government Code Section 68616, subdivision (i); Local Rule 7.5.)

**PREPARATION AND PROCEDURES FOR CASE MANAGEMENT REVIEW AND CONFERENCE:** Pursuant to CRC 3.724, no later than 30 calendar days before the date set for the Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in Rule 3.727 and, in addition, to consider the following:

(1)     Resolving any discovery disputes and setting a discovery schedule;

(2)     Identifying and, if possible, informally resolving any anticipated motions;

(3)     Identifying the facts and issues in the case that are uncontested and may be the subject of stipulation;

(4)     Identifying the facts and issues in the case that are in dispute;

(5)     Determining whether the issues in the case can be narrowed by eliminating any claims or defenses by means of a motion or otherwise;

(6)     Determining whether settlement is possible;

(7)     Identifying the dates on which all parties and their attorneys are available or not available for trial, including the reasons for unavailability; and

(8)     Other relevant matters.

-2-

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case. In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)   Whether there are any related cases;

(2)   Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)   Whether any additional parties may be added or the pleadings may be amended;

(4)   Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)   Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)   Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)   Whether an early settlement conference should be scheduled and, if so, on what date;

(8)   Whether discovery has been completed and, if not, the date by which it will be completed;

(9)   What discovery issues are anticipated;

(10)   Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)   Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)   Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)   Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

(14)   If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates;

(15)   The estimated length of trial;

(16)   The nature of the injuries;

(17)   The amount of damages, including any special or punitive damages;

(18)   Any additional relief sought;

(19)   Whether there are any insurance coverage issues that may affect the resolution of the case; and

(20)   Any other matters that should be considered by the Court or addressed in its Case Management Order.

**SANCTIONS:** The Court has authority to impose appropriate sanctions for the failure or refusal to comply with provisions of the California Rules of Court and Local Rules governing time standards and case management conference requirements or deadlines. Such sanctions may be imposed upon counsel, a party, or both, as permitted by rule, statute, or law.

**This is not a complete representation of the applicable Local Rules or California Rules of Court, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction Rules. Careful reading and compliance with the Local Rules and California Rules of Court are absolutely imperative.**

GERALD ROSENBERG, Supervising Judge
Los Angeles Superior Court, West District

ADMIN/LM -12/11/08

-4-

**NAME, ADDRESS AND PHONE NUMBER OF ATTORNEYS**

**FILE STAMP**

Attorney(s) for:

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**PLAINTIFF(S).**

vs.

**DEFENDANT(S).**

**CASE NUMBER**

**STIPULATION AND ORDER RE BINDING ARBITRATION**

Status Conference Date:
At_____ a.m. in Department_____

---

THE PARTIES SHOULD CONSIDER BINDING ARBITRATION. BINDING ARBITRATION PROVIDES FINALITY AND ELIMINATES COURT APPEARANCES. THE ARBITRATION IS PROVIDED AT NO COST TO THE PARTIES. IF THIS STIPULATION IS SIGNED AND FILED DIRECTLY IN THE ABOVE DEPARTMENT, FIVE COURT DAYS PRIOR TO THE DATE SET FOR THE STATUS CONFERENCE, NO APPEARANCE IS REQUIRED AT THE STATUS CONFERENCE.

---

The parties and their attorneys, hereby stipulate as follows:

1. The matter shall be submitted to binding arbitration and the parties waive their right to a trial de novo as provided in California Code of Civil Procedure, Section 1141.20.

2. _____, a member of The Superior Court Arbitration panel, shall serve as arbitrator.

3. All cross complaints have been filed.

4. All fictitious and named defendants/cross-defendants who have not filed an answer are dismissed.

5. The court retains jurisdiction over motions to enforce the arbitration award and other post-arbitration motions.

Executed this_____ day   of_____ , 20_ .

_____
Plaintiff

_____
Defendant

_____
Attorney for Plaintifff

_____
Attorney for Defendant

**ORDER**

It is so ordered:

DATE:_____          JUDGE _____

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (05-09)
LASC Approved

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR 005 (05-09)
LASC Approved

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Franklin Y. Wright, Pro Per<br>9455 Lloydcrest Dr.<br>Beverly Hills, California 90210<br>TELEPHONE NO.: (310) 246-1294   FAX NO.: (310) 860-1239<br>ATTORNEY FOR (Name): | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>SEP 1 0 2009<br><br>John A. Clarke, Executive Officer/Clerk<br>By  A. WILLIAMS<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:  1725 Main St.
MAILING ADDRESS:  Santa Monica, California 90401
CITY AND ZIP CODE:
BRANCH NAME:  West District

CASE NAME:
Franklin Y. Wright v. Barclays Bank Delaware

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SC104891 |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount              (Amount<br>demanded          demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: JACQUELINE CONNOR |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify):
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 8, 2009

Franklin Y. Wright
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BARCLAYS BANK DELAWARE, INDIVIDUALLY AND DBA
JUNIPER CREDIT CARD SERVICES AND JUNIPER
MASTERCARD

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FRANKLIN Y. WRIGHT, PRO PER

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 1 0 2009

John A. Clarke, Executive Officer/Clerk

By   A. WILLIAMS
                                    DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| SUPERIOR COURT OF THE STATE OF CALIFORNIA 1725 MAIN STREET SANTA MONICA, CALIFORNIA 90401 | SC104801 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

FRANKLIN Y. WRIGHT
9455 LLOYDCREST DR.
BEVERLY HILLS, CALIFORNIA 90210          (310) 246-1294

JOHN A. CLARKE

DATE:
*(Fecha)*   SEPTEMBER 8, 2009          Clerk, by   A.William   , Deputy
                                              *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served   AS PRESIDENT AUTHORIZED TO
1. ☐ as an individual defendant.                                ACCEPT SERVICE
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   BARCLAYS BANK DELAWARE

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)   ☒ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

1

## PROOF OF SERVICE

2   STATE OF CALIFORNIA          )
                                 )  ss
3   COUNTY OF LOS ANGELES        )

4          I am employed in the County of Los Angeles, State of California.  I am

5   over the age of 18 years and not a party to the within action.  My business address is

6   555 West Fifth Street, Suite 4000, Los Angeles, California 90013-1010.

7          On November 24, 2009, I served the foregoing document(s) described as

8   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441** on all

9   interested parties in this action as follows (or as on the attached service list):

10                          Franklin Y. Wright
                            9455 Lloydcrest Dr.
11                    Beverly Hills, California 90210

12

13   ☒     (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows:
     I placed true copies of the document(s) in a sealed envelope addressed to each
14   interested party as shown above.  I placed each such envelope with postage thereon
     fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles,
15   California.  I am readily familiar with Sidley Austin LLP's practice for collection and
     processing of correspondence for mailing with the United States Postal Service.
16   Under that practice, the correspondence would be deposited in the United States
     Postal Service on that same day in the ordinary course of business.

17

18          I declare under penalty of perjury that the foregoing is true and correct.

19          Executed on November 24, 2009, at Los Angeles, California.

20

21                                          _____
                                                     S.J. Bissell
22

23

24

25

26

27

28

CHI 4741412v.1

**PROOF OF SERVICE**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV09- 8687 AHM (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Franklin Y. Wright | Barclays Bank Delaware |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Franklin Y. Wright<br>9455 Lloydcrest Dr.<br>Beverly Hills, California 90210<br>Telephone: (310) 246-1294<br>Fax: (310) 860-1239 | Attorneys (If Known): Sean A. Commons (SBN 217603); Theodore R. Scarborough (Of Counsel); Bradley M. Baglien (Of Counsel)<br>SIDLEY AUSTIN LLP<br>555 West Fifth Street<br>Los Angeles, California 90013-1010<br>Telephone: (213) 896-6000<br>Facsimile:: (213) 896-6600 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
Compensatory and punitive
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** damages

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441, 1446. Claim for intentional infliction of emotional distress, fraud, predatory lending in connection with credit card application and balance transfer

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | **IMMIGRATION** | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV09-8687**

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) | **CIVIL COVER SHEET** | Page 1 of 2

American LegalNet, Inc.<br>www.FormsWorkflow.com

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes.
If yes, list case number(s): N/A

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): N/A

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Franklin Y. Wright resides in Los Angeles County | N/A |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District, State, if other than California; or Foreign Country |
|---|---|
| N/A | Barclays Bank Delaware is incorporated under the laws of Delaware and has its principal place of business in Delaware. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): Sean A. Commons     Date November 24, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com